## SILVEY *vs.* THE STATE OF GEORGIA.

1. Where it was shown to the court, in a criminal case, that the jury who were charged therewith had dispersed, the *onus* was on the state to show that the accused had sustained no injury thereby. The state failing in this, the verdict was a nullity, and should not have been received, or if received, should have been set aside by the court.
2. The fact that, before dispersing, the jury agreed upon a verdict, reduced it to writing and left it with their foreman, did not show that the accused was not injured. Such a writing was not a verdict, but a mere resolution, which it was in the power of the jury to alter or change at any time before it was delivered into court.

February 2, 1884.

Criminal Law. Jurors. Verdict. Practice in Superior Court. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Reported in the decision.

VAN EPPS, CALHOUN & KING; D. P. HILL & SON, for plaintiff in error.

B. H. HILL, solicitor general, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted for the offence of an assault with intent to murder. After the testimony had been delivered, the arguments of counsel (made), and the jury charged with the case by the court, the officers in charge of the jury permitted six of them to withdraw and separate from, and go to their homes; the others remained in the room, but were suffered to go to and return at will from the water-closet; one of the jurors separated himself, and by himself went to an engine house. One of the jurors asked a bailiff what the practice was, when the jury had agreed upon a verdict; he told him that they could write it out, give it to the foreman, and could go home.

About nine o'clock, the jury agreed upon a verdict, which was written out, and given to the foreman, after which the jury dispersed, as above stated. The next morning, the court caused the jury to be assembled in their room, and caused them to be brought before the court, when the court commenced to purge the jury, which elicited the facts before stated, and further, that the jury had not talked with any one about their verdict; but the investigation failed to show what was said ·in their presence and hearing about the case, and this was made manifest in the case of the juror Watts. The jury then returned their verdict, which was received by the court over the objections of defendant, and defendant moved to set aside said verdict. The court refused the motion, and defendant excepted.

When it was shown to the court that the jury who were charged with the case had dispersed, the *onus* was on the state to show that the accused had sustained no injury thereby. If the state fails in this, the verdict is a nullity, and should not be received; or if received, should be set aside by the court. 5 *Ga.*, 150; 14 *Ib.*, 15; 45 *Ib.*, 282; 68 *Ib.*, 760.

In this case, the purgation fell short of showing that the accused had not been damaged.

The agreement by the jury to find a verdict in a certain way, and the reducing the same to writing and delivery to the foreman, was not a verdict, but a mere resolution, which it was in the power of the jury to alter or change at any time before the same was delivered into court, so that the argument, or much of it, that the accused was not hurt by the separation of the jury, because they had agreed upon and signed a verdict before the separation, is without foundation. The irregularities and misprisions of the jury in this case were many, and called for the exercise of the punitive power of the court. The right of trial by jury is one of the dearest and most sacred rights of freemen, and courts cannot guard it with too much jealousy.

The jury should not only be free from fault, but the appearance of evil should be avoided.

Judgment reversed.