## BARFIELD *v.* MULLINO.

Where a jury has retired for the purpose of considering and determining a case, the court should not, without the consent of the parties or their counsel, permit them to disperse until a verdict has been received in open court or the case withdrawn from their consideration. It appearing in the present case that the court, without the consent of the parties or their counsel, permitted the jury, during a recess of the court, to seal their verdict and disperse, and that immediately upon the reconvening of the court, before the verdict was published, counsel for defendant objected to its reception and moved that a mistrial be declared, it was error under such circumstances not to declare a mistrial.

Submitted May 11, — Decided May 30, 1899.

Certiorari. Before Judge Littlejohn. Macon superior court. November term, 1898.

*W. G. Harrison* and *J. M. DuPree*, for plaintiff in error.

COBB, J. Mullino sued Barfield in a justice's court, upon an account. Upon the trial the evidence was conflicting, and the jury trying the case returned a verdict in favor of the plaintiff. The defendant filed a petition for certiorari, complaining, among other things, of the refusal of the justice to declare a mistrial in the case. It appears from the record, that after the jury had retired to consider the case the hour arrived for the court to take the noon recess, and the court instructed the bailiff, without the knowledge or consent of the defendant or his counsel, that in case the jury agreed upon a verdict before the court reconvened they could return a sealed verdict at that hour. When court reconvened it appeared that the jury had agreed upon a verdict during the recess and had dispersed. Defendant's counsel objected to the reception of the verdict, and moved the court to declare a mistrial in the case. The justice in his answer states that he does not understand why counsel did not hear his instruction to the bailiff in reference to the jury returning a sealed verdict; but nothing is stated by him from which it could be necessarily inferred that counsel heard the instruction given to the bailiff. The court overruled the motion to declare a mistrial, and the verdict was received in open court. The judge overruled the petition for certiorari, and the defendant excepted.

When a jury has retired to consider the case submitted to them and make up their verdict, they should not be allowed to disperse until they have returned a verdict in open court, or a mistrial has been declared, unless the parties or their counsel consent that the verdict may be rendered in some other manner.    Delivering a sealed verdict to the judge, or other officer of the court, out of court, or delivering a sealed verdict to any person to be by him carried into court in the absence of the parties to the case or their counsel, is a proceeding not known to strict law, and is not authorized under any circumstances except by consent of the parties or their counsel.    When a verdict is rendered in open court and it does not cover the issues submitted, it is within the power of the judge to deliver further instructions to the jury and permit them to consider the case again and save the parties the expense of another trial. This right is lost to the parties after the jury has dispersed before the verdict is published.    *Settle* v. *Alison*, 8 *Ga.* 201; *Cothran* v. *Donaldson*, 49 *Ga.* 458.    When a verdict is rendered in open court, the losing party has the right to request the judge to permit the jury to be polled; and this right is lost if the jury disperse before the verdict is received.    *Smith* v. *Mitchell*, 6 *Ga.* 458; *Rutland* v. *Hathorn*, 36 *Ga.* 380.    It is true that in civil cases it is within the discretion of the judge whether he will allow the jury to be polled or not.    See the cases cited immediately above.    But this discretion must be exercised at the time that the request is made, and the judge can not, by giving the jury permission to disperse before the verdict is rendered, say in advance of the rendition of the same that he will not allow the jury to be polled.    It clearly appears from the present record that there was no express consent that the jury might disperse and a sealed verdict be brought in by the foreman.    While the justice in his answer states that he does not understand how it was that counsel for the defendant did not hear him tell the bailiff that the jury could bring in a sealed verdict, it does not distinctly appear that counsel heard this statement; and therefore it can not be said that there was an implied consent on the part of counsel to the irregular way in which the verdict was rendered.    It distinctly appears from

the record that at the first opportunity offered counsel after it had come to his knowledge that the jury had dispersed and a sealed verdict was brought into court he objected to the reception of the verdict and moved for a mistrial in the case. We think under the facts of this case a mistrial should have been declared. The evidence before the jury was conflicting, and the defendant was entitled to have the jury pass upon the case in a regular way and render their verdict at a regular time and place; and he should not have been deprived of this right by the arbitrary action of the court. In the case of *Riggins* v. *Brown*, 12 *Ga.* 271, the court allowed the jury to separate in the presence of counsel, and no objection was made. A new trial was not granted, for the reason that the separation took place in the presence of counsel, who at the time made no objection to the proceeding. In the case of *Adkins* v. *Williams*, 23 *Ga.* 222, the court refused to set aside the verdict because the jury had separated after being charged by the court; but it appeared that the jury requested leave of the court to separate to go to their supper, and this was all done in the presence of counsel for the complaining party, who made no objection to the court's granting the leave. In the case of *Stix* v. *Pump,* 37 *Ga.* 332, it appeared that the court, without the consent of the parties, permitted the jury to disperse in order to go to dinner, but the parties, knowing the fact before the jury reassembled, made no objection to the jury considering the case after they had so dispersed and reassembled. It was held that such acquiescence was an implied assent to the dispersal; but the court distinctly recognizes the rule to be that after the jury has retired for the purpose of considering and determining a case, the court should not permit them to disperse without the consent of the parties to the case on trial. There being in the present case no express consent for the jury to disperse, and nothing which would authorize a holding that there was an implied consent on the part of counsel, the reception of the verdict and the failure to declare a mistrial was improper, and the judge erred in overruling the certiorari.

*Judgment reversed. All the Justices concurring.*