## PRESCOTT *v.* CITY COUNCIL OF AUGUSTA.

Where a jury has retired for the purpose of considering a case, they should not, without the consent of the parties or their counsel, be permitted to disperse until a verdict has been received in open court or the case has been withdrawn from their consideration. It appearing in the present case that the bailiff in charge of the jury, without the consent of the parties or their counsel, permitted the jury during a recess to seal their verdict and disperse, and, upon being informed that this action was unauthorized, reassembled the jury in their room, and upon the reconvening of the court the jury were brought in and the foreman delivered to the clerk what purported to be a sealed verdict, it was error to refuse at this stage of the case to declare a mistrial. The ruling in *Barfield* v. *Mullino*, 107 *Ga.* 730, approved and followed.

Argued July 17, — Decided August 13, 1903.

Motion to declare mistrial. Before Judge Brinson. Richmond superior court. October 29, 1902.

*Salem Dutcher* and *F. W. Capers*, for plaintiff.
*William H. Barrett*, for defendant.

COBB, J. The jury retired to consider the case just as the court adjourned for the noon recess. The bailiff in charge of the jury, upon being informed by them that they had agreed upon a verdict, allowed them to disperse, under the impression that the parties had authorized the jury to return a sealed verdict. The verdict was sealed and kept in the possession of the foreman until the court reconvened. The parties had not consented for the jury to return a sealed verdict. Upon the reconvening of the court the

jury reassembled and were sent to their room. When counsel came into court the jury were brought into the court-room, and counsel for plaintiff objected to the reception of the verdict, and moved that a mistrial be declared. This motion was overruled. The foreman then delivered to the clerk a sealed envelope, which being opened was found to contain a piece of paper with a verdict for the defendant written thereon. Counsel for the defendant moved that the jury be polled, which was allowed, over the objection of plaintiff's counsel, and each juror answered that the verdict as rendered was his. Defendant's counsel then moved that the verdict be transferred to the petition, and this was done over the objection of plaintiff's counsel. Defendant's counsel then moved that the verdict so transferred be received. The judge then asked the foreman if this verdict was the one that was made before the jury dispersed, and the foreman replied that it was. Thereupon the court, over the objection of plaintiff's counsel, ordered the verdict to be received and recorded. The plaintiff assigns error upon the various rulings before referred to, and upon the refusal of the court to declare a mistrial.

We think this case is controlled in principle by the ruling in *Barfield* v. *Mullino*, 107 *Ga.* 730. In fact the able and industrious counsel for the defendant in error practically admits in his brief that this case is controlling upon the question; if the distinction which he points out is not well taken. It is contended that the distinction between that case and the present one is that when the jury found their verdict and sealed it they were never in court again, and that it was therefore impossible to have the jury reform or correct the verdict, or to give to them any further instructions, or to have them polled. The ruling in *Barfield* v. *Mullino* was not based upon the fact that the jury were not actually in court at the time the motion for mistrial was made. An examination of the original record in that case will disclose that it not only did not appear that the jury were out of court when the sealed verdict was opened, but it is to be inferred from the answer of the magistrate that the jury were in court when the motion for mistrial was made. The ruling in *Barfield* v. *Mullino* was based upon the fact that after the jury had dispersed and mingled with the crowd, no matter for how short a space of time, the right to poll the jury was gone, — not the physical right to ask each individual juror

composing the jury whether that was his verdict, but the right to ask these individuals while they constituted a legal jury, before they became again a mere part of the mass of the populace, whether the verdict rendered by them was their verdict. See, in this connection, *Harrison* v. *State*, 100 *Ga.* 264. The right to poll the jury is a right to call upon each member to answer whether the verdict rendered is his verdict, before he has had an opportunity to be influenced either to adhere to or depart from the finding. This right is lost as soon as the jury have dispersed and cease to be a jury and the individuals become again simply members of the community. The cases relied upon by counsel for the defendant in error to establish the proposition that the court will hear evidence as to whether injury has resulted from the dispersal of the jury relate to cases where the dispersal takes place pending the trial, and we do not think this rule has ever been applied in a case where the dispersal has taken place after the verdict is agreed upon and the trial ended. In the case of *Franklin* v. *Wiggins*, 88 *Ga.* 169, the court received in open court a sealed verdict in the absence of counsel, and allowed the jury to disperse, the verdict not being published until counsel were present. This was held to be a mere irregularity. In the present case the court did not receive any verdict at all before the dispersal of the jury. When the jury returns into court with a verdict, counsel loses his right to poll the jury by being absent, and the court will be authorized to receive the verdict notwithstanding the absence of counsel. But, as was said in *Barfield* v. *Mullino*, "when a jury has retired to consider the case submitted to them and make up their verdict, they should not be allowed to disperse until they have returned a verdict in open court, or a mistrial has been declared, unless the parties or their counsel consent that the verdict may be rendered in some other manner." The wholesome rule laid down in *Barfield* v. *Mullino* will not be relaxed. The court erred in not declaring a mistrial.

　　　　　　　*Judgment reversed. By five Justices.*