### 1908.  HOPKINS *v.* THE STATE.

1. One who is accused of crime has the right to insist upon all of the formalities attached by law to a legal trial. Where, without his consent or over his objection, the jury charged with the determination of his guilt or innocence is dispersed prior to their return into court, a purported verdict, returned by one of the jury after they have separated as a whole and have been permitted to mingle with the public, and the defendant has thus been deprived of his right to poll the jury, is a nullity.
2. In such a case as that above stated, the trial and the finding, being nugatory, amount to nothing more than a mistrial declared without the consent of the defendant and without legal necessity; and for that reason the defendant can not be arraigned before a second jury.
3. Where, contrary to the orders of the presiding judge, a jury charged with the trial of a criminal case is suffered by the sheriff to disperse before their verdict has been returned into court, the defendant is entitled to be absolutely discharged, for the reason that he can not, without his consent, be placed a second time in jeopardy.

Indictment for assault and battery, from Milton superior court —Judge Morris. April 17, 1909.

Argued June 9,—Decided June 29, 1909.

J. E. *Mozley,* T. E. *Latimer,* for plaintiff in error.

J. P. *Brooke, solicitor-general,* contra.

RUSSELL, J.  The defendant was placed on trial for the offense of assault and battery.  The jury were charged with the case just about the time the court was on the point of taking a recess for dinner.  The presiding judge inquired of the solicitor-general and of the defendant's counsel as to what disposition should be made in regard to the verdict if the jury should agree before the judge returned from dinner.  The defendant's counsel stated, that he would not consent for the jury to return a sealed verdict, or for the jury to disperse and report their finding later; that the defendant might wish to poll the jury, and for that reason he would not agree to waive any of his rights.  The court thereupon instructed the sheriff not to permit the jury to disperse, but that if they agreed on a verdict the sheriff should inform the judge, who would come and receive it.  In disobedience of the court's order the sheriff permitted the jury to disperse; and some time afterwards, the recess having expired and the judge and counsel in the case having returned to the court-room, the judge inquired if the jury had made a verdict.  One member of the jury replied that they had, and handed the indictment, with a verdict written on it, to the solicitor-general, and, over the defendant's objection, both to the reading and the recording of the purported finding, the court caused it to be read and entered upon the minutes, and afterwards sentenced the defendant in accordance with it.  Before the adjournment of the court the defendant filed a motion for new trial, which was later abandoned, and also filed a motion for his discharge upon the ground that he had once been placed in jeopardy.  The motion for discharge was set for a hearing upon a later date, and amendments offered were permitted, but upon final hearing the court declined to grant the order discharging the defendant.

We think the prisoner was entitled to an absolute discharge.  Our decision is controlled by the ruling in *Nolan* v. *State,* 55 *Ga.* 521 (21 Am. R. 281).  It is clear that the verdict was a nullity, because, by the separation of the jury, the defendant was deprived of his right to poll the jury, if of no other right.  Although the verdict is a nullity for the reason that the dispersal of the jury

must be deemed at least equivalent to a mistrial, yet inasmuch as this mistrial was occasioned without the consent of the defend- ant, and not caused by any such necessity as is recognized by law as being a sufficient ground for ordering a mistrial, the defendant can not again be placed upon trial for the same offense. See *Barfield* v. *Mullino,* 107 *Ga.* 730 (33 S. E. 647) ; *Bagwell* v. *State,* 129 *Ga.* 170 (58 S. E. 650).                    *Judgment reversed.*