## 5832.　STRICKLAND v. THE STATE.

"One who is accused of crime has the right to insist upon all the formalities attached by law to a legal trial. Where, without his consent or over his objection, the jury charged with the determination of his guilt or innocence is dispersed prior to their return into court, a purported verdict, returned by one of the jury after they have separated as a whole and have been permitted to mingle with the public, and the defendant has thus been deprived of his right to poll the jury, is a nullity."

DECIDED MAY 3, 1915.

Indictment for sale of liquor; from Tattnall superior court— Judge Sheppard. May 23, 1914.

*H. H. Elders, C. L. Cowart, L. P. Strickland,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.

RUSSELL, C. J. The defendant was on trial for a misdemeanor, and the jury were out considering the case when the court took a recess for dinner. The jury were left by the court in the charge of a bailiff, without any instruction or intimation which permitted them to disperse, and there was no agreement on the part of the defendant or his counsel that the jury might disperse after agreeing to a verdict, or that a sealed verdict might be returned. During the recess the bailiff permitted the jury to disperse and to go out and mingle with the people generally. When court reconvened, after the dinner recess, the jury reassembled in the jury-room, and, after a few moments, came into court and returned what purported to be their verdict. The defendant and his counsel objected to receiving the jury's finding, and moved the court to declare a mistrial. Over the objection of the defendant and his counsel, the court received the verdict in open court, and imposed sentence. The defendant promptly during the term moved to set aside the verdict and judgment for the reasons above stated. The court overruled the motion to set aside the verdict, and exception is taken to that judgment.

We think the court erred in refusing to order a mistrial upon the defendant's motion, and thereafter erred in not sustaining the motion to set aside the verdict. The case is controlled by rulings of the Supreme Court in *Nolan* v. *State,* 55 *Ga.* 521 (21 Am. R. 281), *Silvey* v. *State,* 71 *Ga.* 553, *Barfield* v. *Mullino,* 107 *Ga.* 730 (33 S. E. 647), *Prescott* v. *Augusta,* 118 *Ga.* 549 (45 S. E. 431), *Bagwell* v. *State,* 129 *Ga.* 153 (58 S. E. 650), and decisions of this

court in *Griffin* v. *State, 5 Ga. App.* 45 (62 S. E. 685), and *Vaughan* v. *State,* 9 *Ga. App.* 613 (71 S. E. 945), and especially by the ruling in *Hopkins* v. *State,* 6 *Ga. App.* 403 (65 S. E. 57), in which the facts are practically identical with those in the case at bar. Counsel for the State made a counter-showing upon the hearing of the motion to set aside the verdict, and there appear in the record affidavits from jurors stating that they wrote the verdict before dispersing for dinner, and that there was nothing which could have prejudiced the rights of the defendant; that the verdict rendered was the result of their conviction under the facts and the law of the case; that after writing the verdict they sealed it up in an envelope, as is often done under direction of the court, and then dispersed to get their dinner, and reassembled after dinner and reported their finding to the court. These jurors affirmed that the verdict was as free from any and all undue influence as it would have been if rendered in open court without their having separated. The lower court seems to have been of the opinion that the separation was harmless to the accused, and to have overruled for this reason the motion to set aside the verdict.

We are clear that when the attention of the court was called to the matter by the defendant's demand for a mistrial, it was error not to withdraw the case from the further consideration of the jury, and to refuse to order a mistrial. "The highest public policy and the maintenance of the purity of our jury system demand that the verdict of the jury shall not only be untainted by illegal, improper, and prejudicial influences, but even that it shall be above suspicion." *Griffin* v. *State,* supra. This is the rule in both civil and criminal cases; and if the rule is to be relaxed, its observance is certainly less important where only property rights are concerned than where the liberty of the citizen is involved. It frequently happens that in the trial of misdemeanor cases the jury is permitted to disperse while the trial is in progress, during temporary recesses of the court, and frequently, in such cases, the court allows the jury to separate after a verdict has been agreed to, signed, and sealed in an envelope, which is sometimes delivered to the clerk and sometimes retained by the foreman; but in these cases the permission to disperse depends upon the consent of the parties, and especially the consent of the defendant, to the separation. "When a jury has retired to consider a case submitted to

them, and make up their verdict, they should not be allowed to disperse until they have returned a verdict in open court, or a mistrial has been declared, unless the parties, or their counsel, consent that the verdict may be rendered in some other manner." *Barfield* v. *Mullino,* supra. When a jury engaged in the trial of a citizen for his life or liberty disperse, and its members mingle freely with the outside world before the rendition of a verdict, the probable finding of the jury is placed under such suspicion, and the opportunity for the exercise of influence in molding the verdict is so apparent as to raise a conclusive presumption that the finding later returned into court is not the result of free, independent, untrammeled, conscientious conviction of the jury upon the evidence alone. The contention that an order declaring a mistrial will subject the country to the useless expense of another trial, when a showing has been made that the verdict is the same that it would have been if the jury had not dispersed, is a commercial argument which amounts to nothing when the administration of justice is concerned. We have said this much in regard to the overruling of the motion for a mistrial, because if the motion for a mistrial had been granted, the defendant could not, upon another trial, have pleaded former jeopardy; for the second trial would have been rendered necessary by his motion for the mistrial.

In the *Hopkins* case, supra, as in this case, the jury dispersed at the noon recess; in this case they dispersed without the court's knowledge, and in the *Hopkins* case despite the court's order. It is true that in the *Hopkins* case the defendant had expressly refused to consent for the jury to disperse, whereas in the present case it does not appear that the defendant's consent was asked or refused. In the *Hopkins* case we held that the defendant was entitled to a discharge, and that the verdict was a nullity, because, by the separation of the jury, the defendant was deprived of his right to poll the jury, and the dispersal of the jury should be held at least equivalent to a mistrial without the consent of the defendant and not caused by such necessity as is recognized by law. In the present case a motion for a mistrial was made and should have been granted; and, since the verdict returned is for that reason a nullity, the court should have granted the motion to set it aside. In the *Hopkins* case we held: "One who is accused of crime has the right to insist upon all the formalities attached by law to a legal trial.

Where, without his consent or over his objection, the jury charged with the determination of his guilt or innocence is dispersed prior to their return into court, a purported verdict, returned by one of the jury after they have separated as a whole and have been permitted to mingle with the public, and the defendant has thus been deprived of his right to poll the jury, is a nullity."

The solicitor-general, in support of the contention that the dispersal of the jury was harmless, cites the cases of *Storey* v. *Weaver,* 66 *Ga.* 296 (1), and *Roberts* v. *State,* 14 *Ga.* 8 (4), 14 (58 Am. D. 528). The ruling in *Storey's* case is not in point. There the motion to set aside the verdict (which was rendered by default in a civil case) was based upon the ground that, due to a misunderstanding, the defendant's counsel failed to file a plea in his behalf, and that he had a meritorious defense; the evidence as to the cause of the failure to timely file a plea was vague and conflicting, but it is perfectly plain that the defense that the defendant would have filed was wholly worthless. Upon this state of facts the Supreme Court affirmed the judgment overruling the motion to set aside the verdict; and it was upon this state of facts that the court held that "a motion to set aside and vacate a judgment and reinstate the case can not be determined by any fixed rule, but depends upon the circumstances in the case." There is nothing in the record in that case like the separation of the jury before the rendition of the verdict, to afford a reason for impeaching the fairness of the trial.

The ruling in *Roberts* v. *State,* supra, is relied upon by State's counsel as authority in support of the proposition that where the trial judge has satisfied himself, by a careful examination of jurors on oath, that casual intercourse on the part of the jurors with outsiders was not injurious to the prisoner, and so announces, the court may not on this account disturb a verdict. But no motion for a mistrial was made in that case. The ruling was placed upon the principle announced in *Monroe* v. *State,* 5 *Ga.* 85, that a separation of the jury raises a presumption of hurt and injury to the prisoner, a presumption that he can not be fairly and properly tried by them, and places upon the prosecution the burden of showing, beyond a reasonable doubt, that the defendant has sustained no injury on account of the separation; but where a motion for a mistrial is made before any verdict has been received, and it appears that the jury dispersed without rendering a verdict and that the

purported finding is in fact not a verdict, but, as stated in *Silvey* v. *State,* 71 *Ga.* 553 (2), "a mere resolution which it was in the power of the jury to alter or change at any time before it was delivered into the court," the ruling in the *Roberts* case does not support the contention that the motion for mistrial should not be granted. In *Silvey's* case the bailiff told the jury that when they agreed upon a verdict they could write it out, give it to the foreman, and go home; and accordingly the jury wrote out the verdict, gave it to the foreman, and dispersed. The next morning the court, after making an effort to purge the jury, received the purported verdict over the objection of the defendant. The Supreme Court held that the purgation fell short of showing that the accused had not been injured, and that the agreement by the jury to find a verdict in a certain way, reducing it to writing and delivering it to the foreman, was not a verdict, because the jury could change it at any time before its delivery into court; and the judgment of the lower court, refusing to set aside the verdict, was reversed. In the *Silvey* case there was no motion for a mistrial; and in the *Hopkins* case, supra, we endeavored to point out the distinction between a case where a motion for mistrial is made and one where the point is raised for the first time in a motion to set aside the verdict, or as a ground of a motion for a new trial.

When no motion for mistrial is made, after the defendant is aware of a separation of the jury, he will be presumed to be satisfied with the showing to the effect that no injury has resulted to him, and to have waived the irregularity in the trial, whereas by a motion for a mistrial he waives nothing, but impliedly asserts his conviction that he has been injured or is likely to suffer injury. By a motion for mistrial the defendant raises the point that any verdict found will be a nullity, by reason of the fact that he has been injured through the separation of the jury, and he raises it at a time when, if he be guilty, the State may legally establish that fact upon another trial. Under these circumstances the State's interests are not hazarded by a plea of former jeopardy. When the point is raised for the first time after a trial, certainly if the defendant knew before the verdict of the separation, he should be estopped to assert that he was injured, and should be deprived of the right of pleading a jeopardy which he had voluntarily encountered and assumed. Misconduct on the part of the jury while

they still have the case under consideration (from which presumably injury may have resulted to the defendant) throws the burden upon the State to show affirmatively that no injury resulted. *Westmoreland* v. *State,* 45 *Ga.* 225 (8), 282. But if no inquiry is made by the court prior to the return of the verdict and while the jury still has the case under consideration, along the lines suggested in the *Roberts* case, supra, the trial is vitiated by the separation of the jury, and the verdict is a nullity.

*Judgment reversed. Broyles, J., not presiding.*