30523.  WESTERN UNION TELEGRAPH CO. *v.* VICKERS.

DECIDED MAY 27, 1944.

*McDonald & McDonald,* for plaintiff in error.
*Highsmith & Highsmith,* contra.

SUTTON, P. J. Ira Vickers sued The Western Union Telegraph Company for damages for an alleged libel. His petition, as amended, alleged substantially as follows: The defendant caused to be composed and published a printed circular, which was headed "$250 Reward," with the plaintiff's picture and description thereon and which provided in part that, "The Western Union Telegraph Company will pay a reward of $250 for information leading to the arrest and conviction of Ira Vickers, alias Ben Tillman, alias L. C. Perry, who is wanted for forgery at Barnwell, South Carolina. A warrant for his arrest is in the hands of the county prosecuting

attorney at Barnwell, S. C.," and which set out the conditions on which the reward would be paid and the expiration date of the offer; that the Ira Vickers pictured, named, and described in the circular was intended to and did picture, name, describe and identify the plaintiff; that at the time the circular was composed and published, a warrant for the plaintiff's arrest on a false charge of forgery, which the plaintiff had never seen, was in the hands of the county prosecuting attorney at Barnwell, S. C.; that the plaintiff was not, and had never been guilty of the crime of forgery; that the charge made against him by the defendant in the circular charged him directly or by innuendo with the crime of forgery, which was a false and malicious defamation of the plaintiff, tending to injure his reputation and expose him to hatred and contempt; that the defendant had an office and agent in Mershon, Georgia, and on or about June 1, 1942, the defendant caused the circular to be delivered to its agent, H. M. Courson, at Mershon, Georgia, and said false and malicious defamation was uttered by the agent within the scope of the defendant's business and in the course of his employment by the exhibition and delivery of the circular to Archie Miles, an adult citizen of Bacon County, who read the same; that the defendant again uttered and published the false and malicious defamation of the plaintiff as contained in the circular by causing the circular to be prominently displayed on the glass window of its office in Batesburg, South Carolina, where the plaintiff formerly resided and engaged in business, and where numerous people could and did see and read it; that forgery is a crime under the laws of the States of Georgia and South Carolina, and the imputation thereof as aforesaid was libelous per se and imported damage to the plaintiff. Judgment was sought in the sum of $3000.

The defendant demurred to the petition upon seven grounds, which were to the effect that the petition set out no cause of action because the alleged libelous matter was privileged and set out a statement of fact which was true and which did not impute or charge the plaintiff with forgery, but merely set out that there was a warrant outstanding against the plaintiff charging him with forgery, and that the defendant was wanted at Barnwell, South Carolina, to answer the charge made by the warrant. The defendant answered, subject to its demurrer, and, after admitting the jurisdiction of the court, substantially denied all the other allega-

tions of the petition. The court overruled the demurrer, and the defendant excepted pendente lite and assigned error thereon in the bill of exceptions in this case. The jury returned a verdict for the plaintiff for the sum sued for; the defendant's motion for a new trial was overruled, and the exception here is to that judgment.

■ The court did not err in overruling the demurrer. The petition alleged that the defendant published a writing that the plaintiff was wanted for forgery at Barnwell, South Carolina, and that the charge was an untrue and malicious defamation of the plaintiff. Forgery is a criminal offense; and to charge a person in writing with committing a forgery is actionable per se, where the writing is read by others and the charge is untrue. Code, §§ 26-3901 et seq., 105-705, 105-706; *Russell* v. *Dailey's Inc.*, 58 *Ga. App.* 641 (199 S. E. 665), and cit. But the plaintiff in error contends the language used does not charge the plaintiff with having committed a forgery, but merely states the fact that a warrant charging him with that offense was in the hands of the prosecuting attorney at Barnwell, South Carolina. Where the language of a publication is reasonably susceptible of the construction that it makes a libelous charge, it becomes libelous when it conveys that charge and would be so understood by the persons to whom the writing might be communicated; and ordinarily it is for the jury to say whether the writing is in fact libelous or not. *Brandon* v. *Arkansas Fuel-Oil Co.*, 64 *Ga. App.* 139, 144 (12 S. E. 2d, 414); *Park* v. *Piedmont &c. Ins. Co.*, 51 *Ga.* 510; *Beazley* v. *Reid,* 68 *Ga.* 380. In the present case, the writing stated that the plaintiff was wanted for forgery at Barnwell, South Carolina, and that a reward would be paid for information leading to his arrest and conviction. This court can not say as a matter of law the writing could not reasonably have been understood by those to whom it was communicated as charging the plaintiff with having committed the offense of forgery at Barnwell, South Carolina, and the court did not err in overruling the demurrer, and in submitting the issue to the jury.

The plaintiff in error further contends that the court erred in overruling the demurrer because the writing was privileged. It is well-settled law that the defense of privilege can not be raised by demurrer to the petition, unless the facts on which the privilege may be asserted appear from the allegations of the petition. *Lamb* v. *Fedderwitz,* 68 *Ga. App.* 233, 234 (22 S. E. 2d, 657), and cit.

"To make the defense of privilege complete in an action for libel, good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper persons only must appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying upon the privilege. All of these questions are, however, questions of fact for the jury to determine, according to the circumstances of each case, under appropriate instructions from the court." *Sheftall* v. *Central of Georgia Ry. Co.,* 123 *Ga.* 589, 593 (51 S. E. 646); *Lamb* v. *Fedderwitz,* 71 *Ga. App.* 249 (30 S. E. 2d, 436); *Holmes* v. *Clisby,* 118 *Ga.* 820 (2) (45 S. E. 684); *Flanders* v. *Daley,* 120 *Ga.* 885 (4) (48 S. E. 327); *Nicholson* v. *Dillard,* 137 *Ga.* 225 (73 S. E. 382); *Adams* v. *Scribner,* 36 *Ga. App.* 15 (135 S. E. 110). It not appearing as a matter of law from the allegations of the petition that the writing was privileged, the court did not err in overruling the demurrer.

■ The verdict was supported by evidence, and the court did not err in overruling the general grounds of the motion for a new trial.

■ Special ground 1 is without merit.

■ Special grounds 2, 3, 5, 6, and 8 assign error on the admission of testimony of different witnesses as to the impression made upon them by the alleged libelous circular. "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." Code, § 105-701. In the present case, the alleged libelous matter was a circular, partly in printing, and containing a picture of the plaintiff, who was pictured with a placard across his chest on which was the number 3295 in large white numerals. Since the actual words or pictures used in a libel may derive their libelous effect from local surroundings and the manner in which they are understood by those to whom they are shown, the court did not err in allowing the witnesses to testify as to the impression made upon them by the alleged libelous matter. In this connection, see *Hawks* v. *Patton,* 18 *Ga.* 52 (63 Am. D. 266); *Colvard* v. *Black,* 110 *Ga.* 642, 646 (36 S. E. 80); *Proctor* v. *Pointer,* 127 *Ga.* 134 (56 S. E. 111); *Pavesich* v. *New England Life Ins. Co.,* 122 *Ga.* 190, 221 (50 S.

E. 68, 69 L. R. A. 101, 106 Am. St. Rep. 104, 2 Ann. Cas. 561). The court did not err in admitting the testimony objected to, nor in overruling special grounds 2, 3, 5, 6, and 8 of the motion for a new trial.

■ In special ground 4, the plaintiff in error contended that the court erred in allowing a witness to testify: "I have seen a poster like this one exhibited to me, offering a $250 reward for information leading to the arrest and conviction of Ira Vickers, signed by the Western Union Telegraph Company. The one I saw like that was over here at the depot (referring to the depot in Alma, Ga.). Mr. M. E. Jones had one," over the objection, that proof of publication of the alleged libelous matter at Alma, Georgia, was not authorized by the pleadings which alleged publication only at Mershon, Georgia, and Batesburg, South Carolina. We think the objection was well taken. Every publication of matter which is shown to be libelous is a separate cause of action; and where the plaintiff brings suit for publication at designated places, he can not show publication to other persons at a different time and place, since it would tend to prove a cause of action separate from the one alleged in the petition. *Central of Ga. Ry. Co.* v. *Sheftall,* 118 *Ga.* 865, 867 (45 S. E. 687). The court erred in admitting the testimony over the objection made, and in overruling special ground 4 of the motion for a new trial.

■ In special grounds 7, 9, and 10 of the motion, the plaintiff in error contended that the court erred in allowing in evidence testimony to the effect that, after the defendant in error read or heard of the circular, he attempted to give himself up to the sheriff of Bacon County, Georgia, and to the manager of the local office of the plaintiff in error in Alma, Georgia, on the ground that such acts on the part of the defendant in error were mere self-serving declarations and without probative value. According to the express terms of the alleged libelous circular, the plaintiff in error wanted information leading to the arrest of the defendant in error, and the jury could consider his act in offering to surrender to the officers and to the defendant company, and the steps thereafter taken by the defendant company with respect to the alleged libelous circular, on the question of the good faith of the defendant company in issuing and publishing the circular. The evidence was admissible along with the other evidence as to the transaction referred

to in the circular, and the court did not err in overruling special grounds 7, 9, and 10 of the motion for a new trial.

■ During the trial of the case and at the conclusion of the first day, the court called the attorneys to the bench and asked them if there was any objection to the jury dispersing, at which time counsel for the plaintiff in error objected, and insisted that the jury be kept together and not be allowed to disperse or separate during the trial. The court thereupon overruled the objection and stated that he would consider the same objection as being made and overruled each time the jury was allowed to disperse and separate during the trial. The court allowed the jury to disperse that night and return to their homes, and this is assigned as error in special ground 11 of the motion for new trial. After the evidence in the case had been submitted, and after counsel had made their argument to the jury and the court had charged the jury and submitted the issues to them for their determination, the court allowed the jury to disperse and separate for lunch, and this is assigned as error in special ground 12 of the motion for a new trial. While it is well-settled law that it is within the discretion of the judge on the trial of a civil case to allow the jury to disperse at night and during recesses of the court while the evidence is being submitted and before the issues are submitted to them for their determination, without the consent of the parties where no motion is made contra or cause shown for not allowing their dispersal and separation (*Stancel* v. *Kenan,* 33 *Ga.* 56; *Central of Ga. Ry. Co.* v. *Hall,* 109 *Ga.* 367, 34 S. E. 605), it is likewise well-settled law that, "After the taking of testimony, argument of counsel, charge of the court, and after a case has been submitted to the jury for determination, it is reversible error for the court to allow the jury to disperse before the return of the verdict, without consent, either express or implied, of the parties." *Knight* v. *Causby,* 68 *Ga. App.* 572, 582 (23 S. E. 2d, 458), and cit. Also, see *Robinson* v. *Donahoo,* 97 *Ga.* 702 (3) (25 S. E. 491) ; *Prescott* v. *Augusta,* 118 *Ga.* 549 (45 S. E. 431) ; *Barfield* v. *Mullino,* 107 *Ga.* 730 (33 S. E. 647). Irrespective of whether or not harmful error was shown by the act of the court in overruling the objection made by counsel for the plaintiff in error and allowing the jury to disperse and separate during recesses of the court while the evidence was being submitted and before the issues were submitted to them for determination; under the author-

ities above cited, it was reversible error for the court to allow the jury to disperse and separate, without the consent of the parties, after the issues had been submitted to them for their determination. It follows, therefore, that the court erred in overruling special ground 12 of the motion for a new trial.

■ In special ground 13, the plaintiff in error contended that the verdict for $3000 was excessive, and that it was so large as to indicate it was the result of bias, prejudice, and mistake on the part of the jury. Since the case is being reversed, it is not necessary to pass upon this ground of the motion, as the evidence and verdict may be different on another trial of the case.

■ The court erred in overruling the motion for a new trial for the reasons set out in divisions 5 and 7 of this opinion.

*Judgment reversed. Felton and Parker, JJ., concur.*