## SAWYER *v.* GEORGIA RAILROAD AND BANKING CO.

The plaintiff brought suit against the defendant for the homicide of her husband, which occurred from his being struck by a freight-train of the defendant while crossing the railroad tracks at a public street crossing in the city of Madison.  A verdict was rendered in favor of the plaintiff, a motion for a new trial was overruled, and the defendant excepted.   This court held, on the evidence as then presented, that it, disclosed that the plaintiff's husband, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence ; and reversed the judgment. 112 *Ga.* 346.   On the second trial the evidence for the plaintiff differed in material respects from that on the former trial.  It tended to show that

the train which caused the injury was not on schedule time, but more than an hour late, so that there was no reason on the part of the deceased to anticipate its coming; that there were freight-cars standing on the side-track on the side of the railroad which the deceased approached, and within a few feet of the main line, in such position that, together with the depot building and another building not far away, they would obstruct the view of the railroad track by the deceased until he passed the end of the freight-cars on the side-track and was near the main line; that the train was running about thirty miles an hour, in violation of an ordinance of the city limiting the speed of railroad trains, crossing the public street where the injury occurred, to six miles an hour. The jury found a second verdict for the plaintiff. A motion for a new trial was made, and the judge (other than the one who presided at the trial) again set aside the verdict, holding that the evidence was substantially the same as when the case was passed on by the Supreme Court. *Held*, that this was error. The evidence on the second trial was materially different from that on the former trial, and the second verdict should have been allowed to stand.

Argued May 19, — Decided June 14, 1905.

Action for damages. Before Judge Lewis. Morgan superior court. December 19, 1904.

*Q. L. Williford* and *George & George*, for plaintiff.

*Joseph B. & Bryan Cumming* and *Foster & Butler*, for defendant.

LUMPKIN, J. The headnote will show that on the second trial the case was a proper one for determination by the jury. The judge who presided on the hearing of the motion for a new trial thought that the case was controlled by the ruling made by this court in 112 *Ga.* 346. In this we think he erred. We have carefully examined the record of the case as it then appeared, and as it is now presented; and we find very material differences. Without setting out the evidence in detail, a few illustrations of the change of status will suffice. On the former trial the principal witness for the plaintiff was one Shields. In his testimony he strongly indicated that the plaintiff's husband could have seen the approaching train; and while some mention was made of the possibility of there being freight-cars on the side-track, it was very vague and uncertain as to the number, position, and effect on the view of the plaintiff's husband while approaching the track. Indeed Shields developed into a most excellent witness for the defense. On the second trial the plaintiff did not introduce him at all, but the defendant did so. The plaintiff introduced as her leading witness one Ike Burton.

Among other things he testified, that there were other cars between the crossing and the depot, one standing where it had been unloaded, and two more in front of the depot; that the depot was within three feet of the side-track; that the car first mentioned was standing between the main road that crosses the track and the depot; that "with that car standing there no one could see down that track until they got on the railroad;" that the train had to pass the depot before it reached the crossing; and that it was running at the rate of about thirty-five miles an hour. Another witness testified that the train which caused the injury was due, according to schedule, at two o'clock and thirty-eight minutes p. m. There was evidence to show that it did not arrive until four o'clock. Some of the other evidence set out in the headnote was before the court on the former trial; but this will suffice to show that there were material differences. We think there was enough to sustain the finding of the jury, and that the second verdict should have been allowed to stand. *Richmond & Danville R. Co.* v. *Howard*, 79 *Ga.* 44 (2); *Broyles* v. *Prisock*, 97 *Ga.* 643 (6); Hopkins' Pers. Inj. §§ 4, 90.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent, and Evans, J., disqualified.*