### 765. BRYSON v. SOUTHERN RAILWAY COMPANY.

1. When those in charge of a railway train neglect to comply with the statutory precautions in approaching a highway, and a person on the crossing is struck and injured, the only defenses open to the company are, that the injury was done by the consent of the person injured; or that by the observance of ordinary care he could have avoided the injury; or, in mitigation of damages, that his negligence contributed to it. "When such injury occurs, the onus is upon the company to prove such fault on the part of the injured person."

2. A railway side-track which crosses a public highway is included within the purview of the crossing statute.

3. In this State it is not per se negligent for one not aware of the approach of the train to attempt to cross the track without stopping, looking, or listening.

Action for damages, from city court of Dalton——Judge Longley. August 21, 1907.

Argued December 17, 1907.——Decided January 15, 1908.

*William E. Mann, George G. Glenn,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

POWELL, J.   Bryson, an old man, was struck and injured by a train of the Southern Railway Company upon a public crossing near its station in the village of Varnells in Whitfield county. He brought suit for damages, the specific acts of negligence alleged being that the train ran over the crossing at a high rate of speed and that it violated the crossing statute by not blowing the whistle, ringing the bell, or checking the speed of the train.   The plaintiff testified that he was on the east side of the track, desiring to cross to the west.   A water tank stood just below the crossing. On the main line, which was nearest him as he approached, were two trains headed north.   One had just taken water and had gone forward clearing the crossing and the other was coming on up toward the tank as if to take water.   He crossed the main line just behind the first train and just ahead of the second.   His attention was directed toward this second train, and he stepped off the main-line track and on to a parallel side-track, six or eight feet further west, without looking up the side-track to the north. A train happened to be coming south on the side-track at a rapid rate of speed.   This south-bound train struck him.   He did not hear it blow the whistle or ring the bell.   He did not see it till it struck him, but admitted that if he had turned his head north as he was about to step upon the side-track, he could have seen it. His excuse for not hearing the approach of the south-bound train was the noise the two other trains were making; and his excuse for not looking up the side-track was that he was watching the approach of the north-bound train on the main track.   He showed the extent of his injuries.   At the conclusion of the plaintiff's testimony the court awarded a nonsuit; and the plaintiff excepted.

1. Clearly the grant of a nonsuit was error.   When the plaintiff proved that he was injured by the train, the law at once presumed that the railway company was negligent in every respect alleged; that it was running its train at a high and excessive rate of speed; that it gave no warning by ringing the bell and blowing the whistle; that it did not check for the crossing.   *Harden* v. *Ga. R. Co.,* ante, 344 (59 S. E. 1122).   When a train approaches a public crossing without complying with the statute, and strikes or injures a passer thereon, the only defenses open to the railway company are, that the injury was done by the consent of the person injured; or that by the observance of ordinary care he could have

avoided the injury; or, in mitigation of the damages, that his negligence contributed to it. *Atlanta & West Point R. Co.* v. *Newton,* 85 *Ga.* 517 (11 S. E. 776); *Central Ry. Co.* v. *Hall,* 109 *Ga.* 367, 370 (34 S. E. .605); *Bowen* v. *Gainesville R. Co.,* 95 *Ga.* 688 (22 S. E. 695). "When such injury occurs, the onus is upon the company to prove such fault on the part of the injured person." Civil Code, §2225.

2. The crossing statute does not except side-tracks from its application, and we see no reason for excepting them by judicial construction. The brief for defendant in error states that this train was stopped between the blow-post and the crossing and had started up again, and argues that for this reason the statute is not applicable. We do not find this statement of fact to be supported by the record, nor do we find the conclusion of law to be in harmony with the decision of the Supreme Court in the case of *East Tenn. R. Co.* v. *Markens,* 88 *Ga.* 60 (4), 63 (13 S. E. 855, 14 L. R. A. 281). But even without reference to the crossing statute, there was enough evidence to take the case to the jury on the question of the defendant's negligence. *Ga. R. Co.* v. *Cromer,* 106 *Ga.* 296 (31 S. E. 759); *Bullard* v. *Southern Ry. Co.,* 116 *Ga.* 644, 648 (43 S. E. 39); *Shaw* v. *Ga. R. Co.,* 127 *Ga.* 8 (55 S. E. 960).

3. The rule that it is negligent per se for one who is about to cross a railway track to fail to stop, look, and listen is not recognized in this State. Whether, under all the circumstances, the plaintiff was guilty of such conduct as to defeat or diminish his recovery is a question for the jury. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802); *Bullard* v. *Southern Ry. Co.,* 116 *Ga.* 644 (43 S. E. 39); *Williams* v. *Southern Ry. Co.,* 126 *Ga.* 710 (55 S. E. 948); *Thomas* v. *Gainesville Electric Ry. Co.,* 124 *Ga.* 748 (52 S. E. 801). This is not a case where the plaintiff, seeing and knowing the danger, in manifest imprudence attempted to cross ahead of the train, as in the cases of *Atlanta Ry. Co.* v. *Owens,* 119 *Ga.* 833 (47 S. E. 213), *Thomas* v. *Central Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683), and *Harris* v. *Southern Ry. Co.,* 129 *Ga.* 388 (58 S. E. 873). See *Charleston & W. Car. R. Co.* v. *Camp,* 3 *Ga. App.* 232 (59 S. E. 710).

*Judgment reversed.*