SOUTHERN RAILWAY COMPANY *et al.* v. GRIZZLE.

HOLDEN, J. 1. The provision of the Civil Code, § 2222, requiring the engineer of a locomotive to check the speed thereof on approaching a public crossing, so as to stop in time should any person or thing be crossing the railroad track on such crossing, is not, with respect to a railroad company doing an interstate business, violative of section 8, article 1 of the constitution of the United States, as being a regulation of interstate commerce, but is a police regulation designed to secure the public safety, and is valid as such. *Hennington* v. *State,* 90 *Ga.* 396 (17 S. E. 1009; *Seale* v. *State,* 126 *Ga.* 644 (55 S. E. 472); Hennington v. Georgia, 163 U. S. 299 (16 Sup. Ct. 1086. 41 L. ed. 166). The court

committed no error in refusing to allow an amendment offered by the defendant railroad company in this case, alleging that the code section above cited was void because of being violative of the provisions of the constitution of the United States above referred to, and that the failure to comply with the requirements of such code section by the defendant company in the operation of one of its trains then engaged in doing an interstate business could not lawfully be attributed to it as negligence.

2. The following charge of the court was error requiring a new trial: "Although the plaintiff's husband may have been negligent, if you believe that the railroad company, defendant, was wilfully negligent, then the plaintiff would be entitled to recover." There was no evidence to show wilful infliction of the injury; and the language of the court was subject to the construction that if the engineer wilfully or intentionally omitted to comply with the requirements of the crossing law, the plaintiff was entitled to recover regardless of any amount of negligence, or failure to use ordinary care by her husband.    -

3. (By the Court.) It was not error to refuse a timely written request made by the defendant to charge the jury as follows: "If you believe that the plaintiff's husband deliberately went upon the railroad track at the crossing in Norcross in front of an approaching train, thinking that he could cross before the train reached him, and miscalculating its speed *for any reason*, the plaintiff can not recover for the death of her husband resulting from being 'run down by the train, although the company's servants may have been negligent in running at a high rate of speed at that point, and also in failing to check the speed of the train at a public road or street crossing where it occurred." Such a charge would have been in effect an instruction to the jury that certain facts would have constituted negligence on the part of the deceased. Civil Code, § 4334; *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29). (BECK and HOLDEN, JJ., dissenting: The above charge was legal and applicable in this case, and, under the facts thereof, the refusal to give it was error. *Thomas* v. *Central of Georgia Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683) ; *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 500 (5), (16 S. E. 49) ; *Thompson* v. *Thompson,* 77 *Ga.* 692 (3 S. E. 261) ; *Roberts* v. *State,* 114 *Ga.* 450 (40 S. E. 297) ; *Central Ry. Co.* v. *Goodman,* 119 *Ga.* 234 (45 S. E. 969).)

4. The other charges requested, so far as legal and pertinent, were covered by the charge of the court given to the jury.

5. In view of the entire charge, the other portions of the charge complained of were not subject to the objections made thereto.

*Judgment reversed. All the Justices concur, except Atkinson, J., disqualified.*

Submitted January 13,—Decided August 15, 1908.

Action for damages. Before Judge Kimsey. Gwinnett superior court. June 6, 1907.

*John J. Strickland,* for plaintiffs in **error.**

*Atkinson & Born,* contra.