### 12563.   TENNESSEE, ALABAMA & GEORGIA RAILROAD CO. *v.* NEELY.

This case is fully controlled by the decision of the Supreme Court when it was before that court on substantially the same record; and no error appears in the last trial.

The court did not err in not charging as requested as to what would constitute ordinary care or negligence on the part of one approaching or crossing a railroad-track.

DECIDED OCTOBER 7, 1921.

Action for damages; from Walker superior court — Judge Wright. May 16, 1921.

*S. B. Smith, Shattuck & Shattuck,* for plaintiff in error.

*Rosser & Shaw,* contra.

HILL, J.   This case was before the Supreme Court on substantially the same record as in the present case. The only two points involved in the case then are the only two points now involved. Those two points are, first, whether the plaintiff was the lawful wife of the decedent and was therefore entitled to bring the suit for his homicide by the defendant railroad company, and, secondly, whether the decedent, at the time he was killed by the railroad

company, was himself guilty of such negligence as would prevent his widow from recovering damages for his death. The Supreme Court, in *Neely* v. *Tennessee, Georgia & Alabama R. Co., 145 Ga.* 363 (89 S. E. 325, L. R. A. 1916F, 819), decided the two points in question as follows: First. " Upon the whole, the evidence on behalf of the plaintiff made out a prima facie case that she was married to the decedent ánd remained his wife until his death, although, under a misapprehension and under advice of counsel, she had married a second time before that event. As against this, the mere bald proof of a marriage in Alabama to another woman and of living with her in Georgia at the time when his death occurred would not be sufficiently conclusive to show that the first marriage had been dissolved and that the plaintiff was not the widow of the decedent, or to authorize the judge to direct a verdict in favor of the defendant railway company on that ground." On the subsequent trial, as disclosed by the record, there was no difference in the evidence on the subject of the plaintiff being the lawful widow of the decedent, and the trial judge substantially charged the law decided in the case by the Supreme Court on that point. On the second point the Supreme Court held: " If the plaintiff made out a prima facie case showing she was the widow of the decedent, there was sufficient evidence on the subject of negligence and liability to authorize the submission of the case to the jury. It follows that the direction of a verdict in favor of the defendant was error." In the trial now under review, as disclosed in the record, the evidence on the question of negligence and liability was substantially, if not identically, the same, and, in the absence of any error of the trial judge in the conduct of the trial, if, in the opinion of the Supreme Court, the evidence was sufficient on the subject of negligence and liability to authorize the submission of the case to the jury, it follows that a verdict on practically the same evidence would be supported.

We have examined the grounds of the motion for a new trial as amended, and we find none of them meritorious. The law as specifically decided by the Supreme Court in this case, on the subject of the plaintiff being the lawful widow of the decedent, was given in charge, and the principles of law that have been well settled by repeated decisions of this court and of the Supreme Court on the subject of negligence and liability, applicable to the facts,

were also submitted to the jury. The failure to give the following instruction requested was not erroneous, according to repeated rulings of this court and of the Supreme Court: "It is the duty of one approaching a railroad crossing to exercise ordinary care to ascertain whether a train is approaching. I charge you that it is ordinary care to look and listen. It may not be negligence which will bar a recovery to fail to use one's senses — to fail to look and listen. If the evidence shows that the deceased could have seen or heard the train in time to avoid danger had he looked or listened, and he drove upon the track in front of the moving train, then this was such negligence on his part as would prevent a recovery in this case; and if you find such to be the fact, then your verdict should be for the defendant." Such instructions would have been fatally afflicted with two infirmities, and, if given as requested, would have been reversible error. First, it has never been held in this State that it constituted negligence in one approaching a crossing over a railroad-track to fail to stop, look, and listen before crossing. To the contrary, see: *Bryson* v. *Southern Ry. Co.,* 3 *Ga. App.* 407 (3), 409 (59 S. E. 1124); *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589 (5) (48 S. E. 149); *Seaboard Air-Line Ry.* v. *Blackwell,* 16 *Ga. App.* 504 (85 S. E. 686). There are many other decisions both of the Supreme Court and of this court to the same effect. Secondly, the question of negligence in such circumstances is always one for the jury, and, unless the act complained of as negligence is negligence per se, the trial judge cannot instruct the jury as to what facts would constitute negligence. This is an issue to be determined by the jury according to the facts of each particular case, without any assistance from the trial judge. Even if the decedent was negligent in approaching the railroad crossing, there was also evidence that those in charge of the train of the defendant company were also negligent in approaching the crossing, and the jury might well have found from the evidence that the defendant's negligence exceeded that of the decedent; and therefore, under the well-established doctrine of comparative negligence, the verdict for $1,500 was authorized.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*