12482.   WHITCOMB *v.* PAYNE, agent, etc.

JENKINS, P. J.   1. The record discloses a conflict in the testimony as to whether or not the defendant complied with its statutory duty to blow the whistle of the locomotive in approaching the crossing at which the homicide of the plaintiff's husband occurred. While there was plain and positive testimony going to establish a compliance with such duty, there was some evidence which, if accepted by the jury, would nevertheless have authorized a finding to the contrary.

2. The railroad having thus failed to show by undisputed evidence that it had used all ordinary and reasonable care, the direction of a verdict in its favor was erroneous, since it devolved upon the jury to say whether or not the defendant, under the disputed testimony, was guilty of this negligence as charged, and, if so, whether the company had proved that the negligence per se of the decedent in approaching the crossing in an automobile at a rate of speed greater than that permitted by law, when taken together with any other proved act or omission on his part in approaching such place of danger which they as a matter of fact might have adjudged to constitute negligence, contributed to the homicide and exceeded in degree the negligence of the defendant, or whether such negligence on the part of the decedent contributed to the homicide and amounted to a lack of ordinary care. *Central of Ga. Ry. Co. v. Larsen,* 19 *Ga. App.* 413   (91 S. E. 517); *Tenn. &c. R. Co. v. Neely,* 27 *Ga. App.* 491 (108 S. E. 629).

*Judgment reversed. Stephens and Hill, JJ., concur.*
DECIDED NOVEMBER 29, 1921.

Action for damages; from Walker superior court — Judge Wright. March 8, 1921.

*Norman Shattuck, Henry & Jackson,* for plaintiff.

*J. Branham, Maddox & Doyal, Rosser & Shaw,* for defendant.