14165.   DAVIS, agent, v. WHITCOMB.

BELL, J.   1.   This was an action for the killing of the plaintiff's husband at a public grade-crossing by the alleged negligence of the defendant in the running of its train, the trial of which resulted in a verdict for the plaintiff.   The general grounds of the defendant's motion for a new trial are controlled by the previous ruling of this court in the same case reversing the direction of a verdict for the defendant.   27 *Ga. App.* 722 (109 S. E. 703).   The evidence may have varied to some extent at the second trial, but is still of such a nature as to render applicable the same principles, even regardless of the "law of the case."   See *Howard v. Savannah Electric Co.*, 140 *Ga.* 482 (79 S. E. 112); *Georgia R. Co. v. Wallis*, 29 *Ga. App.* 706 (116 S. E. 883).

2.   Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, " the trial judge should not tell the jury what acts would constitute negligence, and what would not, but should instruct them as to the proper measure of diligence, and leave them to determine, in view of all the evidence bearing on the subject of the time, place, circumstances, and happenings, whether there was or was not a want of due care."   *Atlanta & West Point R. Co. v. Hudson*, 123 *Ga.* 108 (1), 109 (51 S. E. 29), and cases there cited.   See also *Savannah, Florida & Wesern Ry. Co. v. Evans*, 115 *Ga.* 315 (1) (41 S. E. 631, 90 Am. St. Rep. 116); *Augusta Ry. & Electric Co. v. Weekly*, 124 *Ga.* 384 (2) (52 S. E. 444); *Western & Atlantic R. Co. v. Casteel*, 138 *Ga.* 579 (1) (75 S. E. 609); *Savannah Electric Co. v. Joseph*, 25 *Ga. App.* 518 (2) (103 S. E. 723).

32

3. "Language used by the Supreme Court in deciding a case before it, especially where used in discussing the facts of such case, is often inappropriate for use by the judge of a trial court in charging the jury." *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108 (2) (51 S. E. 29); *Georgia Ry. & Electric Co.* v. *Gatlin,* 142 *Ga.* 293 (4) (82 S. E. 888).

4. Under the rulings of the two preceding paragraphs the court did not err in refusing to charge as follows: "If you find that plaintiff's husband knew of the approach of the train and yet undertook to cross the track, thinking he could cross before the train reached him, miscalculated its speed, there can be no recovery in this case even though you may find that the defendant's servants were negligent in failing to blow the whistle and continuing to blow same as required by law." In *Southern Railway Co.* v. *Grizzle,* 131 *Ga.* 287 (3) (62 S. E. 177), it was held that a request to give a similar charge was properly refused. The fact that two of the justices in that case dissented will not incline this court to certify to the Supreme Court the question of the correctness of the rule, since additional reasons existed in the case at bar for refusing the request: The decedent was killed while traveling alone by automobile, and even if he saw the train, there was nothing whatever to show what he thought, purposed, or calculated.

5. "In this State it is not per se negligent for one not aware of the approach of the train to attempt to cross the track without stopping, looking, or listening." *Bryson* v. *Southern Railway Co.,* 3 *Ga. App.* 407 (3) (59 S. E. 1124); *Tennessee &c. R. Co.* v. *Neely,* 27 *Ga. App.* 491 (2), 493 (108 S. E. 629). If the judge had charged, as requested, "that it was the duty of the plaintiff's husband to use his senses of sight and hearing to determine whether there was any danger or not before he attempted to cross the track of the railroad," he would have implied that the failure so to do was negligence per se, and would have violated the principles stated in paragraphs 2 and 3 above, as well as the rule just quoted. The request should have been qualified so as to permit the jury to determine whether ordinary prudence would have required such precaution under the particular circumstance. For a correct charge on the subject see *Collum* v. *Georgia Ry. & Electric Co.,* 140 *Ga.* 573 (3) (79 S. E. 475).

6. This homicide occurred before the passage of the act of August 19, 1918 (Ga. L. 1918, p. 212), repealing sections 2675 and 2677 of the Civil Code (1910) and enacting new regulations. The petition charges negligence in the failure to blow the whistle on approaching the crossing, as required by these sections. This requirement of the Georgia blowpost law was not affected by the decision of the Supreme Court of the United States in Seaboard Air Line Railway Co. *v.* Blackwell, 244 U. S. 310 (61 L. ed. 1160, 37 Sup. Ct. 640, L. R. A. 1917F, 1184), but only the provisions in reference to checking the speed.

7. It was provided by section 2677 of the Civil Code, in force at the time of the occurrence in question, that "if any engineer neglects to blow said whistle as required, . . he is guilty of a misdemeanor." Such a failure is negligence per se if the proximate cause of the injury. *Seaboard Air Line Railway* v. *Hollis,* 20 *Ga. App.* 555, 559 (93 S. E.

264), and cases cited. A violation of this statute by the railroad company as to a person crossing the track on a public road has been held to be negligence of the "grossest" character. *Brunswick & Western Railroad* v. *Hoover*, 74 *Ga.* 426 (2), 428.

8. "A person, while grossly negligent himself, has no legal right to count on due diligence by others, but is bound to anticipate that others, like he has done, may fail in diligence, and must guard, not only against negligence on their part which he might discover in time to avoid the consequences, but also against the ordinary danger of there being negligence which he might not discover until too late." *Central Railroad & Banking Co.* v. *Smith*, 78 *Ga.* 694 (4) (3 S. E. 397).

9. To have charged as requested, that "the engineer of the defendant's train had a right to assume that the plaintiff's husband would not approach the railroad track at a rate of speed greater than six miles per hour," without a qualification submitting to the jury the issue of the defendant's negligence, would have assumed, in the face of evidence to the contrary, that the engineer had not violated the duty of blowing the whistle, since, under the ruling just quoted, he could not claim the right of expecting diligence in others if grossly negligent himself. The qualification was not contained in the charge approved by this court in *Western Union Telegraph Co.* v. *Spencer*, 24 *Ga. App.* 471 (5) (101 S. E. 198), but the injury there did not happen, as here, at a public road crossing, on the approach of which the defendant was under the statutory duty of blowing the whistle regardless of the decedent's presence or negligence (though, of course, a failure so to do would not be negligence as to him if he otherwise knew of the train's approach. *Central of Georgia Ry. Co.* v. *McKey*, 13 *Ga. App.* 477 (3), 79 S. E. 378).

(*a*) Furthermore, a person may not assume a thing to exist contradictory to his knowledge, and the assumption stated would have been warranted, even under the *Spencer* case, supra, only "in the absence of anything to the contrary," which qualification should have been included in the request, in view of the evidence of the engineer that he saw the decedent approaching the crossing at a much greater speed, though "thinking" that he would stop. The omission of this qualification from the request again distinguishes it from the charge approved in the *Spencer* case. For two reasons, therefore, the ruling in that case is not authority for a reversal upon this assignment: The court did not err in refusing the request.

10. The court having in the general charge clearly confined the jury to a consideration of the question of the negligence charged, the instruction that "the burden is on the plaintiff, Mrs. Whitcomb, to establish her right to recover by a preponderance of the testimony; but when she proves, if she has proven, that her husband was killed upon the right of way of the defendant company, by the operation of its train, then this burden is shifted upon the railway company and the government operating the railway company, to prove, by a preponderance of the testimony, that it was not due to its fault and negligence or that the deceased, Whitcomb, by the exercise of ordinary care could have avoided the injury to himself," was not erroneous as authorizing the jury to find for the plaintiff upon acts of negligence other than those specified,

nor as placing upon the defendant the burden of showing that it was not negligent in respects not alleged. *Central R. Co.* v. *Nash*, 81 *Ga.* 580 (2)   (7 S. E. 808) ; *Central of Ga. Ry. Co.* v. *Bagley*, 121 *Ga.* 781 (5) (49 S. E. 780) ; *Georgia Ry. & Electric Co.* v. *Reeves*, 123 *Ga.* 697 (8) (51 S. E. 610) ; *Jackson* v. *Georgia R. Co.*, 7 *Ga. App.* 644 (1) (67 S. E. 898).

11. The reason for the preceding ruling applies equally to the similar assignments upon the charge that " the burden rested upon the defendant railway company to use ordinary care and diligence not to injure a person crossing its railroad-track at a railroad crossing, and this care and diligence which it owed to the deceased, Whitcomb, was what we term in law ordinary care and diligence."

(*a*) The exceptions that this charge placed upon the defendant a greater burden than authorized by the law, and was not pertinent or adjusted to the law as it existed at the time of the homicide, are too general to raise any question for decision. *Early* v. *State*, 14 *Ga. App.* 467 (5) (81 S. E. 385) ; *Bells Co.* v. *Mims*, 14 *Ga. App.* 786, 788 (82 S. E. 474) ; *Odum* v. *Rutledge*, 16 *Ga. App.* 350 (2, 3) (85 S. E. 361).

(*b*) The charge was correct in regard to a person crossing the defendant's track on a public road (*Holland* v. *Sparks*, 92 *Ga.* 753 (2), 758, 18 S. E. 990), and, while it was not limited to a crossing of that character, the decedent was killed at an admitted public crossing; and the assignment that the charge was erroneous because the court did not charge in " immediate connection therewith that a like duty or burden rested upon the plaintiff's husband to use ordinary care and diligence to prevent a collision between his automobile and the train at the crossing " is subject to the oft-repeated rule that a correct charge is not error because of the failure to instruct the jury upon some other pertinent principle in connection therewith.

(*c*) The charge is not cause for a new trial for employing the word " burden," obviously used for " duty," nor because it " led the jury to believe that the plaintiff was entitled to recover   .   .   .   irrespective of the contributory negligence or want of ordinary care on the part of the plaintiff's husband." *Alabama Great Southern R. Co.* v. *Brown*, 138 *Ga.* 328 (7) (75 S. E. 330). The jury were elsewhere in the charge instructed fully in regard to these subjects.

12. The charge upon the measure of damages, assigned as error in the 5th ground of the motion, because of the omission of the court to call the attention of the jury to the fact that in the decedent's declining years, had he lived, there might have been a decrease in his capacity to labor at his calling and to earn money, and that they should take this into account in fixing the amount of any damages which they might find for the plaintiff, does not fall within the rulings in *Western & Atlantic R. Co.* v. *Roberts*, 144 *Ga.* 250 (8) (86 S. E. 933), and *Tennessee &c. R. Co.* v. *Neely*, 25 *Ga. App.* 310 (1) (103 S. E. 177), for the reason that the jury were elsewhere specifically directed, if they found for the plaintiff, to consider these contingencies, the charge on these matters being literally in accordance with the suggestion of the Supreme Court, in *Florida &c. R. Co.* v. *Burney*, 98 *Ga.* 10 (26 S. E. 730). See *Walker* v. *Lastinger*, 141 *Ga.* 435 (4) (81 S. E. 203).

13. The court charged the jury as follows: " Look to the evidence and see whether or not the defendant railway company used this care, whether or not it was negligent in any of the ways claimed by the plaintiff, see whether it failed to blow its whistle at the blow-post, whether or not it was running at a high and dangerous rate of speed, as claimed by the plaintiff, and, if you find those things existed, go further and determine whether those things, if they did exist, amounted to a want of ordinary care upon the part of the defendant. If you find, even though the railway company failed to do those things, it did not amount to a want of ordinary care, the plaintiff cannot recover; but if you find the defendant did not do those things, and the failure to do them amounted to a want of ordinary care on its part, the plaintiff might recover, provided the deceased, Whitcomb, himself could not by the exercise of ordinary care have avoided the injury to himself." *Held:*

(*a*) The criticism that this charge was indefinite and uncertain and a confusion of acts of omission and of commission is merited, but it cannot be said that the jury were even probably unable to determine from this, *when considered with the other instructions*, " whether the doing of the things alleged, or the failure to do them, was the basis of the recovery authorized by the court." Clear and definite instructions pertaining to the questions sought to be submitted by this excerpt were given in the general charge, from which an intelligent jury could not possibly have been misled into believing that the plaintiff could recover unless the defendant was negligent in one or both of the ways alleged in the petition. See *Carter* v. *Buchanan*, 9 *Ga.* 539 (4); *Atlantic Coast Line Railroad Co.* v. *Jones*, 132 *Ga.* 189 (7) (63 S. E. 834).

(*b*) This was not an instance of a self-contradiction in a charge, or of an error which could be cured only by retraction, but was merely a charge obscure in itself, with the obscurity removed by the other instructions.

(*c*) There was testimony to the effect that the train approached the crossing at a speed of " 30 to 35 miles per hour." It cannot be held, as a matter of law, that this rate of speed was not negligent. The question was properly submitted to the jury to be determined by them under the particular facts and circumstances existing at the time at the particular public crossing. *Crawford* v. *Southern Railway Co.*, 106 *Ga.* 870 (1) (33 S. E. 826); *Louisville & Nashville R. Co.* v. *Cline*, 136 *Ga.* 863 (1), 865 (77 S. E. 405).

14. The court, in charging that if the jury should " find from the evidence plaintiff's husband was driving his automobile at a rate of speed greater than six miles per hour as he approached and was about to enter upon the railroad track, he was guilty of negligence per se " (see Ga. L. 1910, p. 92), was right in omitting to state what should be the effect of the decedent's " negligence per se," if existing. It was the province of the jury to determine its effect, in passing upon the question of proximate cause and of the " amount of default attributable to " the decedent. The plaintiff was not necessarily barred by reason of her husband's negligence, if existing, in the respect here submitted. *Hughes* v. *Atlanta Steel Co.*, 136 *Ga.* 511 (1) (71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C, 394); *Schofield* v. *Hatfield*, 25 *Ga. App.* 513 (103 S. E. 732); *Georgia Ry. &c. Co.* v. *Reid*, 26 *Ga. App.* 720 (2) (107

S. E. 100); *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (1) (91 S. E. 29); *Moody* v. *DuBois,* 29 *Ga. App.* 652 (116 S. E. 219).

15. It is complained, in ground 9, that the court erred in charging that if the plaintiff's "husband was killed by the negligence of the defendant, and if the negligence of her husband in no way contributed to his injury or death, she would be entitled to recover the full value of her husband's life," whatever the jury might find it to be; and error is assigned in ground 10 on a further charge, as follows: "In conclusion, I give you another rule of law to govern you in the trial of this case. If you should find that the defendant railway company was negligent, and if you should find also that the deceased himself was negligent in the transaction or in this homicide, then if the negligence of the deceased was equal [to] or greater than the negligence of the defendant railway company, the plaintiff cannot recover; but if the negligence of the railway company was greater than that of the deceased, even though the deceased may have been negligent himself, the ·plaintiff would be entitled to recover, but, at the same time, if you should find the defendant's negligence is greater than that of the deceased, and that the plaintiff is entitled to recover some sum, it would be your duty to reduce the amount of the recovery on the part of the plaintiff, by reason of the homicide of the deceased, in proportion ·to the negligence of the deceased in connection with the homicide, and give such sum as you think is fair and just in the premises." The assignments on each (substantially the same) complain in effect that the charges excluded the defense that the plaintiff's husband failed to exercise ordinary care to avoid the collision, and authorized a recovery irrespective of whether or not the plaintiff's husband had exercised ordinary care and diligence to avoid the collision. It is assigned in addition that the last-quoted charge confined the jury to a consideration of the negligence on the part of the defendant and the decedent respectively, without reference to whether the decedent could have avoided the collision by ordinary care.   *Held:*

(*a*) Assuming (but doubting) that these assignments are sufficient to raise the ·question that the charges excluded the defense that the plaintiff's husband could have avoided the consequences of the defendant's negligence by the exercise of ordinary care after it was known by the decedent or was discoverable by him by ordinary care (*Louisville & Nashville R. Co.* v. *McGarity,* 139 *Ga.* 472 (1), 77 S. E. 630), and while it is error to omit instructions upon the law applicable to this defense where it is raised by the pleadings and the evidence (*Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6, 13 S. E. 105; *Atlanta &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (7), 49 S. E. 818; *Southern Ry. Co.* v. *Gore,* 128 *Ga.* 627 (1), 58 S. E. 180; *Louisville & Nashville R. Co.* v. *Ledford,* 142 *Ga.* 770 (6), 83 S. E. 792; *Central of Georgia Ry. Co.* v. *Prior,* 142 *Ga.* 536 (4), 83 S. E. 117; *Southern Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (1), 85 S. E. 707; *Central of Georgia Ry. Co.* v. *Reid,* 23 *Ga. App.* 694 (2), 99 S. E. 235), these exceptions do not require a new trial in the case now under consideration, since it appears that the defense was fully submitted by other instructions elsewhere, though previously given, as follows:   "Even though the defendant may have been negligent as al-

leged, yet if the deceased, Whitcomb, by the exercise of ordinary care, could have avoided the injury to himself, his widow cannot recover. I charge you, if you find that plaintiff's husband, by the exercise of ordinary care, could have avoided the collision, even though it may have been occasioned by the negligence of the defendant or its employees, there can be no recovery, although the negligence of defendant may not have been actually discovered, if it was discoverable by him in the exercise of ordinary care. If you find that the defendant was negligent in any way as alleged in the petition, yet if, after that negligence commenced, the plaintiff's husband became aware thereof, or by the exercise of ordinary care could have become aware thereof, and then and thereafter failed to exercise ordinary and reasonable care and diligence for his own safety, there can be no recovery." " Look, therefore, and see what the truth about this homicide is, and see where the negligence rests, if there was any negligence; and if, as I have explained to you, it arose by reason of the negligence of the defendant company, and the deceased by the exercise of ordinary care could not have avoided that negligence and escaped injury, the plaintiff would be entitled to recover; otherwise she would not." *Savannah &c. Ry. Co.* v. *Smith*, 93 *Ga.* 742 (4) (21 S. E. 157); *Wrightsville & Tennille R. Co.* v. *Gornto*, 129 *Ga.* 204 (8), 210 (58 S. E. 769); *Central of Ga. Ry. Co.* v. *Brown*, 138 *Ga.* 107 (3) (74 S. E. 839); *Savannah Electric Co.* v. *Fosterling*, 16 *Ga. App.* 196, 201 (84 S. E. 976); *Georgia So. & Fla. Ry. Co.* v. *Overstreet*, 17 *Ga. App.* 629 (4) (87 S. E. 909). In the last-cited case the refusal of a request embodying a similar charge was held to be error. See especially *Seaboard Air-Line Railway* v. *Andrews*, 140 *Ga.* 254 (3) (78 S. E. 925, Ann. Cas. 1914D, 165).

(b) " Every subject-matter, every matter of defense, cannot be treated in one and the same sentence and at one and the same time; and it does not appear that the jury could have understood the court, in thus dealing *with one specific ground of defense* [italics ours], to have intended thereby to exclude the other and totally independent theory. But even ' though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial.' *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 152 (2).'" *Wilson* v. *Small*, 28 *Ga. App.* 587, 592 (113 S. E. 238, 240).

16. " Where the age of a person is shown, his expectancy of life may be determined by the jury without any other direct evidence on the subject. Tables of the probable length of life and its probable worth may be useful, but are not conclusive or absolutely essential for that purpose. Upon proof as to a person's age, health, and earning capacity, the jury may estimate the value of his life, and reduce that value to its present cash value, by any method satisfactory to them which produces a definite result that is fair and reasonable and is authorized by the evidence." *Standard Oil Co.* v. *Reagan*, 15 *Ga. App.* 571 (5) (84 S. E. 69), and cases cited on page 591. Applying this rule to the evidence,

and considering a charge appearing in the record but not excepted to, by which the jury were told that in determining the decedent's expectancy they should consider his health and habits as shown by the evidence, which showed also his age, there is clearly no merit in the assignment that the instructions set forth in ground 11 did not sufficiently inform the jury how or in what way to arrive at the decedent's expectancy.

17. The verdict was for $11,000. The decedent at the time of his death was 22 years of age. The jury were authorized to find that he was well, strong, industrious, and earning at the time about $40 a week as a traveling salesman. The jury were exclusively the judges of what was the cause of his death, and, assuming that they found he was negligent, which they could with great reason have done (though be it said there was some evidence to the contrary, including evidence that he did not go upon the crossing faster than six miles per hour), it was yet within their sphere to determine to what degree any negligence on his part contributed to his death. If they had found that he was not negligent, they might under the evidence have awarded a much larger sum. They therefore probably reduced the recovery, under the doctrine of comparative negligence. It cannot be declared that the amount of the recovery is evidence of prejudice, improper motive, or gross mistake.

18. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Action for damages; from Walker superior court — Judge Wright. December 1, 1922.

*Maddox, Lipscomb & Matthews, Rosser & Shaw,* for plaintiff in error.

*Norman Shattuck, Henry & Jackson,* contra.