20086.   HADAWAY *v.* SOUTHERN RAILWAY COMPANY.

DECIDED JULY 19, 1930.

*Harris & Harris,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.

BELL, J.   "In this State it is not per se negligent for one not aware of the approach of the train to attempt to cross the track without stopping, looking, or listening." *Bryson* v. *Southern Railway Co., 3 Ga. App.* 407 (3) (59 S. E. 1124). In this suit for damages against a railroad company for personal injuries sustained by the plaintiff at a public crossing, in a collision between a train of the defendant and an automobile driven by the plaintiff, where from the evidence the jury could have inferred that the plaintiff stopped his vehicle about forty feet from the railroad-track and waited for one train to pass, which train was moving on the main line, and that as soon as this train had cleared the crossing the plaintiff looked for other trains, and, seeing none, started across, when he was struck by a second train which came out from a side-track, where it was obscured from the plaintiff by an embankment at the time he looked and started, and that the defendant was negligent as alleged in failing to blow the whistle or ring the bell, or to give warning by flagman of the approach of the train at the crossing, and where there was no other evidence conclusively showing negligence on the part of the plaintiff, it was error to award a nonsuit upon the ground that a recovery was barred by the plaintiff's own negligence or failure to exercise ordinary care for his safety. *Richmond & Danville R. Co.* v. *Howard,* 79 *Ga.* 44 (6) (3 S. E. 426); *Sawyer* v. *Georgia Railroad &c. Co.,* 123 *Ga.*

251 (51 S. E. 321); *Southern Ry. Co.* v. *Tankersley,* 3 *Ga. App.*
548 (2) (60 S. E. 297); *Bryson* v. *Southern Ry. Co.,* 3 *Ga. App.*
407 (3) (59 S. E. 1124); *Dozier* v. *Central of Georgia Ry. Co.,*
12 *Ga. App.* 753 (78 S. E. 469); *Central of Georgia Ry. Co.* v.
*Barnett,* 35 *Ga. App.* 528 (134 S. E. 126); *Western & Atlantic
Railroad* v. *Reed,* 35 *Ga. App.* 538 (134 S. E. 134); *Reed* v. *Southern Ry. Co.,* 37 *Ga. App.* 550 (3) (140 S. E. 921).

The present case is distinguished in its facts from the case of
*Peeples* v. *Louisville & Nashville R. Co.,* 37 *Ga. App.* 87 (139 S. E.
85). In that case the plaintiff stepped upon one track while a train
was actually passing on another track immediately in front of him;
in other words "the crossing was blocked" by one train "when the
plaintiff approached it." He thus stood upon the track till "the
train had cleared the crossing," and was there struck by another
train that approached in the meantime. Moreover, that case was
decided on demurrer, whereas the instant case is here on the evidence, and, in dealing with questions of evidence, "latitude is
allowed for drawing reasonable inferences and· deductions from
the evidence to support the plaintiff's case; whereas on questions
raised by demurrer, a petition is to be construed most strongly
against the pleader." *Central of Georgia Ry. Co.* v. *Tapley,* 145
*Ga.* 792 (3 *b*) (89 S. E. 841); *Kendall* v. *Wells,* 126 *Ga.* 343, 352
(55 S. E. 41); *Emlen* v. *Roper,* 133 *Ga.* 726, 729 (66 S. E. 934);
*Kirkland* v. *Brewton,* 32 *Ga. App.* 128 (9) (122 S. E. 814).

In a case of this sort, that the plaintiff may have avoided the
consequences of the defendant's negligence by the exercise of ordinary care is a matter of defense, and as to this question the plaintiff
was entitled to go to the jury unless the evidence affirmatively disclosed facts from which a finding against him upon that issue would
have been demanded as a matter of law. *Collins* v. *Augusta-Aiken
Ry. Corp.,* 13 *Ga. App.* 124 (2) (78 S. E. 944).

The evidence would have authorized a verdict for the plaintiff,
and it was therefore error to grant a nonsuit. Compare *Georgia
R. &c. Co.* v. *Wallis,* 29 *Ga. App.* 706 (116 S. E. 883).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*