## SMITH v. SOUTHERN RY. CO.
### No. 6272.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1931.

Thomas F. Walsh, of Savannah, Ga., for appellant.

Edmund H. Abrahams and David S. Atkinson, both of Savannah, Ga., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellant against the appellee to recover damages for the death of the former's son, twenty-two years of age, as a result of the automobile he was driving on the Louisville road, a paved road, at about 12:30 o'clock on the morning of July 27, 1930, colliding with a freight train then extending along appellee's track where it crossed that road, near Central Junction in Chatham county, Ga., and blocking that road. The petition alleged: That the deceased did not see said train of cars because of the fact that the night was dark and the color of the car crossing said road blended with the darkness of the night; that deceased's car was equipped with lights which were burning, but those lights did not disclose the car on the crossing because of the fact that the Louisville road is lower than the elevation upon which is located the track on which said train was standing, and the light from said automobile was thrown too low to disclose said train until deceased's car had reached an elevation in the roadway immediately before the point where said train was standing; that as soon as deceased saw said train after reaching said elevation, he immediately tried to stop said automobile by putting on the brakes and turning to the right in order to avoid collision, but was unable to stop said car and avoid striking said freight train upon said track; the impact was such as to greatly damage said automobile and to kill the deceased; and that deceased was driving with ordinary care and caution along said Louisville road, which was clear except as hereinabove stated. The petition charged that appellee was negligent in several specified respects. The court sustained a general demurrer to the petition, on the ground that the same sets forth no cause of action against appellee, in that said petition shows upon its face that deceased attempted to drive an automobile over a railroad crossing at such a rate of speed that he was unable to stop the same before running into a freight train on the railroad track, when the lights on said automobile of the usual kind were burning, and when his view of the track was unobstructed; and thereupon the court dismissed the petition at the cost of the appellant.

Under the Georgia law, though negligence of the defendant was a proximate cause of the injury or death complained of, if the person injured or killed by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, there is no right to recover therefor. Michie's Georgia Code 1926, § 4426. A Georgia statute provides: "Upon approaching any * * * railroad crossing * * * in traversing such * * * railroad crossing * * * the operator of a motor vehicle or motorcycle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater speed than ten miles per hour." Michie's Georgia Code 1926, § 1770 (51).

The allegations of the petition do not show that the deceased was unfamiliar with the road upon which he was travelling,. or that he did not, prior to the train on the crossing being disclosed by the lights from his automobile, realize that he was approaching a railroad crossing. Taking the allegations of the petition most strongly against the pleader, it may be that it properly could be inferred from those allegations that, before the obstruction of the crossing was discovered by the deceased, he was aware of the location of the crossing, and approached it without having his vehicle under immediate control. But, whether such an inference is or is not warranted, the petition's allegations of facts, excluding statements of conclusions, show that the deceased, while driving an automobile along a paved roadway at night, when, by reason of darkness, he could see nothing ahead of him except what was disclosed by lights from his automobile, must, if he had been exercising ordinary care, have discovered, in ample time to take suitable precautions, that by reason of an upward grade in the roadway ahead, a part of that roadway which he was approaching—beyond the part which the automobile lights disclosed—was out of sight, and that he approached and entered that part of the roadway at such a rate of speed that the machine could not be stopped within the distance an obstruction ahead of it in that part of the roadway could be seen. The lights from the automobile must have disclosed, at a considerable distance from the railroad crossing, where the roadway was going upward, and that part of the roadway only a short distance ahead was hidden from view. By reason of a sharp turn, a curve, an ascent or descent in a roadway, a part of it only a short distance ahead of an automobile traveling thereon at night may be completely hidden from the operator of the machine which is duly equipped with lights. One driving an automobile at night who in approaching and entering a part of a roadway which, because of a change of its direction or grade, he cannot see at all until his machine is very near it, is lacking in ordinary care if he fails to keep his machine so under control as to be able to stop it before colliding with a stationary object or obstruction in the roadway ahead, which, before it is reached, is disclosed by the automobile lights. Central of Georgia Ry. Co. v. Adams, 39 Ga. App. 577, 147 S. E. 802; Brinson v. Davis, 32 Ga. App. 37, 122 S. E. 643; Western Union Telegraph Co. v. Stephenson (C. C. A.) 36 F.(2d) 47; Wilson v. Lehigh Valley R. Co. (C. C. A.) 38 F.(2d) 59. The allegations of the petition showing that by ordinary care the deceased could have avoided the consequences to himself of the presence of the train over the crossing, the above-mentioned ruling was not erroneous.

The judgment is affirmed.