## SOUTHERN RY. CO. v. WILBANKS.
### No. 6982.

Circuit Court of Appeals, Fifth Circuit.
Nov. 7, 1933.

R. W. Smith, Jr., A. C. Wheeler, and E. D. Kenyon, all of Gainesville, Ga., for appellant.

Reuben R. Arnold, of Atlanta, Ga., and Sam Kimzey, of Cornelia, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The railway company's complaint is that the court refused to dismiss the petition and to instruct a verdict in its favor. The same questions arise on the pleadings and on the evidence, so we deal with the latter. The suit is for personal injuries inflicted by the railway train striking the truck driven by Wilbanks in daytime on a railroad crossing in the country. The double track railroad was straight and plainly visible for a quarter of a mile both to the north and the south. North of the crossing, however, on a spur track, was a string of cars loading with peaches, and according to some evidence a shifting engine was also there. Wilbanks, sitting on the left or south side of the truck, approached from the east and stopped at the crossing to let a train pass which was going northward on the track nearest to him. His view to the north was obstructed both by the peach cars and by the north-bound train after it passed and also by smoke from the latter which settled upon the track. He testified that he looked in both directions and listened and perceived no other train coming, but the smoke hindered a clear view, and the noise from the north-bound train was considerable. He proceeded across the track and was struck by a south-bound train which was running at a high but not unlawful speed. Wilbanks heard no whistle, which the Georgia law requires to be blown in four blasts beginning a quarter of a mile from the crossing, and several other witnesses within sight and hearing heard none. A railroad employee on the north-bound train testified that a single blast was blown, and the fireman on the southbound said the regular crossing signal was given, and that, because of the north-bound he could not see the truck until within a few feet of it. The engineer had died, and did not testify. The jury could well conclude that no crossing signal was blown, but that the train was run at full speed without adequate warning across the crossing obscured by smoke and with the north-bound train and the peach cars preventing the enginemen from seeing whether any one was approaching it from the east; and that this was negligence. They must also have found that Wilbanks, knowing of the double track, was negligent in driving upon the crossing with the smoke upon it so that his eyes were not of full use and with the noise of the north-bound train in his ears, when by a slight delay both senses would have become available to ascertain whether the crossing was safe.

The law of Georgia is thus stated in the Civil Code, § 2781: "No person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him." Section 4426: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Concurrent contributory negligence of the plaintiff under these sections is not a bar, but is only a ground to reduce the recovery. The failure to exercise ordinary care to escape the consequences of the defendant's negligence which is a bar refers to situations in which the defendant's negligence exists first and is apparent or may readily be known, and the plaintiff, by the exercise of ordinary care, can escape its consequences but does not. Western & Atlantic R. R. Co. v. Ferguson, 113 Ga. 708, 39 S. E. 306, 54 L. R. A. 802. It is the doctrine of

"the last clear chance" applied to the plaintiff instead of to the defendant. On the evidence stated, we think the jury might conclude that the injury was not wholly caused by the negligence of the plaintiff, but that there was more than equal negligence on the part of the defendant. They might also conclude that the negligence of the defendant, though precedent perhaps by a moment, was not existing and apparent so as to raise a duty on the plaintiff's part to escape its consequences, but that the case is rather one of concurrent coexistent negligences which are to be weighed against each other. The verdict rendered is evidently one for reduced damages. There was no error in having the jury pass on the case.

Judgment affirmed.