UNITED STATES v. FLEMING.

SAME v. WASHINGTON.

SAME v. PERDUE.

Nos. 9529–9531.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1940.

Maurice W. Hibschman, Atty., Department of Justice, of Washington, D. C., Lawrence S. Camp, U. S. Atty., and J. Ellis Mundy and Raymond W. Martin, Asst. U. S. Attys., all of Atlanta, Ga., for appellant.

Eugene L. Tiller, of Atlanta, Ga., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought under Private, Act, No. 390, Act Aug. 26, 1937, 50 Stat. 1097,[1] the claim of the suits was that there was negligence, (1) in parking and leaving the truck and trailer standing in and on a public traveled highway; (2) in leaving it on the highway without placing at the rear thereof, adequate lights or signals to warn of its presence; (3) in not placing flares or lights on the highway a sufficient distance in the rear of the truck to give timely warning that it was blocking the road. The defense was a denial and the plea that defendant was not guilty of any negligence or at all at fault but that the negligence of the driver of the automobile was the sole proximate cause of the collision and damage.

On findings of fact[2] and of law[3] to the effect that both defendant and the driver

---

[1] The Act conferred jurisdiction, as under the provision of Sec. 24, (20) Judicial Code as amended, 28 U.S.C.A. § 41 (20), * * * to hear, determine and render judgment as if the United States were suable in tort upon the claims of Perdue, * * * Washington and Fleming for damages resulting from personal injuries, death and property damage received by them on March 7, 1933, by reason of an automobile collision involving a U. S. army truck and trailer.

[2] On March 6, 1933, about 7:00 o'clock P. M., Sadie Washington, George Perdue, Larry Fleming and O. B. Ross were traveling in Sadie Washington's automobile near Fairburn, Georgia, on a State highway at a speed of thirty to thirty-five miles per hour, when the automobile in which deceased was riding collided with a United States Army Truck, with trailer attached, standing on the highway.

By Sadie Washington's procurement, the automobile was being driven by one O. B. Ross. Deceased and George Perdue had procured the use of the automobile in question for the purpose of carrying out a joint enterprise which consisted of visiting a fellow member of a lodge they all belonged to, to investigate benefits claimed by him. They paid for the gasoline used and had the right to direct the movements of the car to such places as they wished to go. It was while engaged in such mission that the collision occurred.

It was dark and rainy and visibility was poor. The truck, which was traveling in the same direction as deceased's automobile, was giving trouble, and while being driven partly on to the shoulder of the highway, stopped completely.

Two soldiers in charge of the truck got out and lit the carbide headlights and oil tail light on the truck and an oil tail light on the trailer. A red lantern was also lighted and placed on the left side of the trailer. The truck was old and did not have electric lights.

None of the occupants of the automobile saw the truck in time to avoid the collision, because of the darkness and weather conditions and probably also because of weak oil tail lights on the truck and trailer, and the glaring headlights on another automobile which happened to be approaching at the time from the opposite direction.

The shoulder of the highway where the truck stopped was wide enough for the truck to have gotten completely off of the pavement. It did not, but was either wholly on the pavement, as the physical facts seem to indicate, or only partially on the pavement, with the wheels on its right side one and one-half feet off the pavement, as testified by one of the defendant's witnesses. In any event, it was far enough on the pavement to obstruct travel on the right side of the highway.

The soldiers in charge of the truck took no other precautions to warn following vehicles than the lighting of the lamps on the truck and trailer, as above described, and made no effort to get the truck off the highway by releasing the brakes and allowing it to roll downhill as the evidence showed could have been done. There was ample time before the accident to do this and to take other precautions to warn approaching traffic.

[3] The obstruction of the highway by the truck was the proximate cause of the collision and deceased's injuries.

Defendant did not exercise ordinary and reasonable care to get the truck and trailer off the highway, nor to signal, nor warn approaching traffic of the danger. This was actionable negligence and plaintiff is entitled to recover therefor.

Ross, the driver of the automobile, was guilty of some negligence, which is imputable to deceased, but much less than

of the car were negligent and that the case was one for the application of the comparative negligence rule, the district judge gave judgment in Fleming's case for $4,000, in Sadie Washington's case for $1,000, in Perdue's case for $400.

These appeals challenge the judgments and the findings and conclusions upon which they rest. Insisting that the finding that defendant was negligent is without support in the evidence, appellant's main reliance is on the contention that there were other facts not found which required the conclusion that the collision, under Georgia law, was not due to defendant's negligence but to the negligence of plaintiffs in driving their car too fast under the conditions then prevailing. These conditions are that though there was a violent rainstorm and darkness, such that the driver of the car could not see objects at a greater distance than 10 to 20 feet, he was driving his car at a rate which would not permit him to stop it within that distance. Invoking the rule of the cases holding[4] that the driver of a car must keep his car under such control that he can stop it within the distance that he can see objects which he ought reasonably to expect to find on the road, and the Georgia rule that, while contributory negligence is not a bar but only ground to reduce recovery, a plaintiff may not recover if he could have avoided the effect of defendant's negligence, appellant insists that the speed of the car and not the parking of the truck was the proximate cause of the collision.

We do not think so. We think the case, under the Georgia comparative negligence rule, was peculiarly one of fact and that it is not within our province to disturb the findings and judgment.

We think it may not be doubted; that the parking of the truck and trailer in the traveled part of the highway on a dark and stormy night with no more provision for lighting it or otherwise giving warning of its presence than was employed here, was negligence of the plainest kind; that some such accident as occurred ought reasonably to have been anticipated as the probable result of such action; and that for the consequences of such conduct the defendant ought to be held liable. We think too that the evidence supports the finding that there was negligence attending the driving of the plaintiff's car, and that, because of that negligence, under the Georgia comparative negligence rule the recovery should have been diminished. But we think it quite plain that the evidence does not bring the case within the rule of those invoked by appellant where the plaintiff's own negligence was the sole proximate cause of the injury. The Georgia comparative negligence rule in general provides for the reduction of plaintiff's recovery when plaintiff's negligence is a contributing cause. In short, it abolishes the common law rule that contributory negligence is a bar to recovery and substitutes for it the comparative negligence rule that it is a ground for diminution of damages. In addition, by applying to plaintiff the last clear chance doctrine,[5] it encroaches on and to that extent impairs, the symmetry of the rule of comparative negligence broadly applied. Whether this is a concession to the difficulties inherent in the determination of proximate cause or to the influence of the maxim, "Volenti non fit injuria", on the holding of the Georgia courts that one in the attitude of being the author of his own misfortune in a legal sense consents to the injuries suffered,[6] we

---

defendant, in that the peculiar conditions proved showed that he should have driven somewhat more carefully, though his negligence in this respect was slight and not the proximate cause of the collision.

The rule of comparative negligence has been applied and the damages found to have been suffered by plaintiff have been reduced in proportion to Ross' negligence.

[4] Thompson v. City of Houma, 5 Cir., La., 76 F.2d 793; Brown v. Southern Ry. Co., 5 Cir., Ga., 61 F.2d 399; Smith v. Southern R. Co., 5 Cir., Ga., 53 F.2d 186; Western Union Telegraph Co. v. Stephenson, 5 Cir., Ga., 36 F.2d 47; Baker v. Atlantic Coast Line R. Co., 52 Ga.App., 624, 184 S.E. 381; Central of Georgia R. Co. v. Adams, 39 Ga.App.

577, 147 S.E. 802, 803; Atchison, T. & S. F. R. Co. v. Ballard, 5 Cir., Tex., 108 F.2d 768.

[5] Western & Atlantic R. Co. v. Ferguson, 113 Ga. 708, 39 S.E. 306, 54 L.R.A. 802; Southern Ry. Co. v. Wilbanks, 5 Cir., 67 F.2d 424.

Cf. The Rationale of Last Clear Chance, Vol. LIII, p. 1225, Harvard Law Rev. June, 1940, in which MacIntyre criticises and disapproves the dilution of the rule of comparative negligence by letting in this defence.

[6] Central of Georgia R. Co. v. Adams, 39 Ga.App. 577, 147 S.E. 802, 804; Baker v. Atlantic Coast Line R. Co., 52 Ga.App. 624, 184 S.E. 381.

need not too closely inquire. It is sufficient to say that the Georgia rule does not defeat recovery by a negligent plaintiff unless it is made to appear that his negligence was the sole, or within the rule of the last clear chance doctrine, the legal, proximate cause of the injury.

It is perfectly plain that plaintiff's negligence was not the sole proximate cause for the negligence of defendant in leaving the truck in the highway was clearly a contributing cause without which the accident would not have happened. It is as plain too that within the rule of the last clear chance doctrine, plaintiff did not discover the danger, defendant's negligence had created, in time to avoid it. The case was within the applicable authorities,[7] clearly, one of fact for the determination of the district judge, and his finding and judgment that there was liability, may not be disturbed. We notice the point made against the judgment for Fleming that it was too excessive, only to dismiss it from consideration as entirely without merit, indeed as presenting nothing for our review. Southern R. Co. v. Montgomery, 5 Cir., 46 F.2d 990, 991. We find no error in the judgments. They are affirmed.

---

[7] Atlanta Knoxville & Northern R. Co. v. Gardner, 122 Ga. 82, 49 S.E. 818; Western & Atlantic R. Co. v. Ferguson, 113 Ga. 708, 39 S.E. 306, 54 L.R.A. 802; Southern R. Co. v. Wilbanks, 5 Cir., 67 F.2d 424; Carter v. Powell, 57 Ga.App. 360, 195 S.E. 466; Bach v. Bragg Bros., 53 Ga.App. 574, 186 S.E. 711; Adams v. Jackson, 45 Ga.App. 860, 166 S.E. 258; Pollard v. Cartwright, 60 Ga.App. 630, 4 S.E.2d 693; Burnsed v. Spivey, 52 Ga.App. 646, 184 S.E. 410; Cf. Seibert v. A. Goldstein Co., 99 N.J. L. 200, 122 A. 821; Haynes v. Doxie, 52 Cal.App. 133, 198 P. 39.